UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

KENDRICK RIVERS,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        No.:   3:15-CV-493-TAV
                                    )
MIKE PARIS,                         )
DAVID ABEL,                         )
JASON ROGERS, and                   )
SHANNON WILLIAMSON,                 )
                                    )
            Defendants.             )

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983.  On November 10,

2015, the Court entered an order screening Plaintiff's complaint, dismissing several claims,

and staying the remaining claims until resolution of Plaintiff's pending criminal charges

[Doc. 4].  The Court also ordered Plaintiff to provide the Court with updates regarding his

criminal charges every ninety days [*Id.* at 5].  Plaintiff consistently complied with this order

[Docs. 5–15] until November of 2017, at which time he filed a motion for extension of

time to file a status report [Doc. 15].  The Court entered an order granting this motion for

extension and stating that Plaintiff had up to and including December 22, 2017, to file a

status report [Doc. 16].

The December 22, 2017, deadline passed, however, and Plaintiff had not filed a

status report or otherwise communicated with the Court.  Accordingly, on April 17, 2018,

the Court entered an order requiring Plaintiff to show cause as to why this matter should

not be dismissed within fifteen days of entry of this order [Doc. 17]. The Court also notified Plaintiff that if he failed to timely comply with the order, this matter would be dismissed for failure to prosecute and failure to comply with Court orders [*Id.* at 1–2]. The United States Postal Service returned the mail containing this order to the Court [Doc. 18], however. Further, more than fifteen days have passed and Plaintiff has not responded to the order or otherwise communicated with the Court. As such, for the reasons set forth below, this matter will be **DISMISSED** due to Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rule of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous orders is due to Plaintiff's willfulness and/or fault. Specifically,

despite consistently complying with the Court's order for status reports, Plaintiff decided not to continue complying with the Court's order, even after the Court granted Plaintiff an extension of time to file a status report in November 2017. Further, it appears that Plaintiff failed to comply with the Court's order because he failed to update his address and/or monitor this action as required by Local Rule 83.13.

As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's order.

As to the third factor, the Court warned Plaintiff that failure to timely provide the Court with status reports could cause this case to be dismissed [Doc. 4 p. 5] and that the Court would dismiss the case if Plaintiff did not timely comply with the Court's previous order [Doc. 17 p. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective, as Plaintiff is a prisoner who was granted leave to proceed *in forma pauperis* in this action [Doc. 4 p. 1].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE